I must respectfully dissent from the decision of my colleagues. While I agree with the authorities cited at pages 6 and 7 of the majority opinion, and so will not recite them here, the majority seems to lose its way in the application of this law. It is axiomatic that, in a judicial review of an administrative decision, the administrative body need only have some evidence to support its decision. So long as the administrative body (like OBES) had some evidence in the record to support is decision, that decision will not be disturbed by the court on an appeal.
In the case at bar, Appellant was discharged, not for one isolated absence for which he had a doctor's excuse, but for a long history of absenteeism with his employer. Not only did he abuse the "no-fault" absentee policy, but he then violated the terms of his "last chance" agreement. I must also dissent from the decision of the majority in that the "last chance" agreement did not and does not constitute a new employment contract for Appellant. This finding was key to the lower court's reversal of OBES and I believe was clearly erroneous. It is acknowledged by all parties that this agreement was in settlement of Appellant's grievances over his first discharge for absenteeism. Inasmuch as his grievance policy and procedures are part of his employment contract with his employer, any settlement that results therefrom to Appellant must be viewed as part and parcel of that same contract. It is thus erroneous to characterize the settlement as constituting a "new" employment contract for Appellant's purposes.
Since there was no new contract formed, it can easily be seen that Appellant's history of absenteeism constitutes "fault" on his part and that based on his record with his employer as a whole, OBES had more than enough evidence to deny unemployment compensation to Appellant.
Thus, I would hold that the lower court, in reviewing the administrative decision on appeal, erred in two ways. First, the court erred as a matter of law in holding that the "last chance agreement" entered into pursuant to Appellant's contractual grievance settlement process could constitute a new employment contract giving Appellant a second full bite at the apple. Second, the lower court erred as a matter of law in allowing Appellant to introduce a doctor's excuse for his last (of many) absences and find that because this last absence may have been caused by bona-fide illness the employer did not have just cause to deny unemployment compensation. Looking at Appellant's record as a whole with his employer, from its inception in 1992 and ending December 27, 1996, OBES had a plethora of evidence, certainly more than enough to meet the standard on review, to find that Appellant's previous history of "unexcused" prior absences justified denial of compensation. It unrebutted that Appellant was reprimanded for his absenteeism on April 19, October 10, December 14, 1995, on February 2, 1996, and that he was fired May 21, 1996. After obtaining a second chance to prove himself Appellant was absent July 29, November 18, and December 27, 1996. While Appellant provided a doctor's excuse for the very last absence and self-serving excuses by way of testimony for the two absences prior, he provided no legitimate reasons why he should not have been terminated for just cause by his employer based on his record as a whole.
For all of the foregoing, I would reverse the decision of the lower court and reinstate the determination of OBES.
APPROVED:
 _________________________________ CHERLY L. WAITE, JUDGE